IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3178-D

| | | |
|---|---|---|
| COREY D. GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OFFICER ROBERSON, | ) | |
| | ) | |
| Defendant. | ) | |

On September 10, 2012, Corey D. Greene ("Greene" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Greene's complaint alleges that defendant Roberson ("Roberson" or "defendant"), a correctional officer at Bertie Correctional Institution, assaulted him on April 4, 2011. See Compl. [D.E. 8] 4–9. On February 10, 2014, the court granted plaintiff's motion for discovery, denied defendant's motion to dismiss, and referred the matter to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order, to include a brief discovery period. See [D.E. 42]. The court told the parties to comply with the deadlines in the scheduling order and to move this long-pending case to resolution. Id. 6. On May 20, 2014, the court resolved a host of Greene's motions [D.E. 77].

On August 22, 2014, defendant filed a motion for summary judgment [D.E. 92] and a motion for leave to file a video exhibit [D.E. 94]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Greene about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 95]. On September 5, 2014, the court granted Roberson's motion for leave to manually file a video exhibit, directed Roberson's counsel to arrange for Greene to have an opportunity to view the video and file a notice with the

court, and extended Greene's deadline for responding to the motion for summary judgment. See [D.E. 99]. The court denied Greene's other motions, including his request for additional discovery. Id. On September 2, 2014, Greene viewed the video exhibit [D.E. 101]. Greene again seeks to stay summary judgment and reopen discovery [D.E. 105, 107, 116]. On October 20, 2014, Greene responded in opposition to the motion for summary judgment [D.E. 113]. As explained below, the court grants Roberson's motion for summary judgment and denies Greene's motions.

I.

On April 4, 2011, at Bertie Correctional Institution, Roberson and another correctional officer (Morris) came to Greene's cell to take him to the showers. Compl. 4, 6; see Roberson Aff. [D.E. 92-3] ¶ 2; [D.E. 79-1] 5 (incident report). Morris placed Greene in restraints, and Greene exited the cell and proceeded to the showers. Compl. 6; Roberson Aff. ¶ 2; [D.E. 79-1] 5; Def.'s Ex. D (video) at 6:30:57.830–6:31:29.728.[1] Greene "notice[d] [he] forgot [his] shower shoes," and he returned to his cell and retrieved them. Compl. 6; Roberson Aff. ¶ 3; [D.E. 79-1] 5; see Def.'s Ex. D at 6:31:41.201–6:31:42.542. While passing Roberson, Greene "brushed by" Roberson. Compl. 7; Roberson Aff. ¶ 3; [D.E. 79-1] 5; cf. Def.'s Ex. D at 6:31:53.877. Roberson interpreted the physical encounter as "an aggressive act because the contact appeared to be intentional and [Greene] did not acknowledge it but just walked right past" Roberson. Roberson Aff. ¶ 3.

The parties dispute what happened next. Greene states that Roberson then "clipped" Greene and "slam[med him] to the floor." Compl. 7. Roberson also "struck [Greene] in the face causing [his] eye to split [and] swell" while Greene "was restrained behind [his] back [and] lying on the floor not resisting in any way." Id. Roberson states that he placed his hand on Greene's shoulder, and

---

[1] The video does not contain sound.

Green then "turned around and lunged at" Roberson. Roberson Aff. ¶ 4; see Def.'s Ex. D at 6:31:54.814–6:31:59.897. Roberson then took Greene down to the floor while Greene resisted. Roberson Aff. ¶ 4. Roberson contends that any injury Greene sustained occurred when "Greene struck the right side of his face on the porcelain shower threshold." Id.

Once the altercation began, Morris called for assistance. See [D.E. 79-1] 5. Numerous officers soon arrived on the scene. Def.'s Ex. D at 6:32:32.725 (showing first officer running toward Roberson, Greene, and Morris). A nurse examined Greene and determined that he had sustained injuries to his "head in the eye region." Compl. 8; see [D.E. 79-1] 5 (describing injuries as "active mild bleeding . . . on right side below eye" and "mild swelling and redness on left side of skull [and] right shoulder swelling"), 26–27 (nursing notes). Greene denied any pain or acute distress to the nurse. [D.E. 79-1] 5. Greene now claims that he was in pain for "3 to 7 days" after the incident. Compl. 9. A few weeks later, Greene encountered defendant Roberson again when Roberson "stopped at [Greene's] door to smile in [his] face tauntly [sic] as if to say I got you." Id.

As for Greene's motions for additional discovery and to deny or stay defendant's motion for summary judgment [D.E. 105, 107, 116], the motions are denied. To the extent Greene seeks to reopen discovery, he has not shown good cause. The court has repeatedly and thoroughly reviewed Greene's requests for discovery and warned him that he must proceed with his case. The court denies Greene's latest motions as untimely and baseless. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986).

To the extent that Greene contends he cannot respond to Roberson's motion for summary judgment without reopening discovery, "summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)

3

(quotation omitted); see Fed. R. Civ. P. 56(d). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) permits a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986); Nader v. Blair, 549 F.3d 953, 961–62 (4th Cir. 2008).

A party requesting relief pursuant to Rule 56(d) must demonstrate that the party has not had sufficient time to develop information needed to oppose the summary judgment motion. See, e.g., Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). In making its determination, a court may consider the diligence that the nonmoving party has demonstrated in pursuing discovery during the discovery period. See, e.g., White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004); Harrods Ltd., 302 F.3d at 245; Strag v. Bd. of Trs., 55 F.3d 943, 953–54 (4th Cir. 1995). A court also may consider whether the case "involves complex factual questions about intent and motive." Harrods, 302 F.3d at 247. Greene has not made the requisite showing. Thus, the court denies his request to stay Roberson's motion for summary judgment and reopen discovery.

As for Roberson's motion for summary judgment, summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson, 477 U.S. at 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a

4

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive-force claim under the Eighth Amendment, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); see, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quotations omitted); see United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). However:

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. . . . [N]ot every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

5

conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive[-]force claim.

Wilkins, 559 U.S. at 37–38 (citations and quotations omitted); see Hudson, 503 U.S. at 9; Whitley v. Albers, 475 U.S. 312, 319 (1986); Gore, 592 F.3d at 494. "Thus, the determination of whether an Eighth Amendment violation has occurred through the use of excessive force in the prison context 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.'" Gore, 592 F.3d at 494 (quoting and citing Whitley, 475 U.S. at 320–21).

Greene disagrees with Roberson's version of the incident, but the video evidence supports Roberson's version and not Greene's. The video demonstrates that Greene was resisting Roberson, and that the physical incident, which Greene describes as a "brush," was Greene's intentional contact. Moreover, the entire incident lasted a few seconds. Greene's "version of events is so utterly discredited by the record that no reasonable jury could have believed him." Scott, 550 U.S. at 379–80. Although the court may not "reject a plaintiff's account on summary judgment" if the video evidence merely "offers *some* support for a governmental officer's version of events," "when a video 'quite clearly contradicts the version of the story told by [the plaintiff] . . . so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" Witt v. W. Va. State Police, Troop 2, 633 F.3d 272, 276 (4th Cir. 2011) (emphasis and alterations in original) (quoting and citing Scott, 550 U.S. at 378, 380). To the extent that Roberson struck Greene in his face, which cannot be seen on the video, no reasonable jury could find that Roberson used force "of a sort repugnant to the conscience of mankind," or that Roberson was acting "maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 38. Likewise, no reasonable jury could find that Roberson had a "sufficiently culpable state of mind." Wilson, 501

6

U.S. at 297. In fact, the record demonstrates that any force used on Greene was in a good-faith effort to maintain or restore discipline. Thus, the court grants Roberson's motion for summary judgment.

II.

In sum, the court GRANTS defendant's motion for summary judgment [D.E. 92] and DENIES plaintiff's motions [D.E. 105, 107, 116]. The clerk shall close the case.

SO ORDERED. This 16 day of February 2015.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:12-ct-03178-D   Document 117   Filed 02/17/15   Page 7 of 7